**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Shannon D. McGee, Sr., #147120, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 1:16-cv-3866-PMD-SVH |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner's objections to United States Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 31 & 25). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 17) and denying Petitioner's petition for relief under 28 U.S.C. § 2254.

Magistrate Judge Hodges issued her R & R on October 3, 2017. After receiving an extension, Petitioner filed his objections to the R & R on November 6. Accordingly, this matter is now ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's

agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Magistrate Judge recommends granting Respondent summary judgment on all of Petitioner's grounds for relief. Petitioner objects to that recommendation and has noted eight objections to the R & R. The Court will address Petitioner's objections *seriatim*.

Petitioner first objects to the Magistrate Judge's purported omission of facts in her R & R, and he provides his own lengthy facts section. Although many of the facts Petitioner claims were omitted are ultimately included in the R & R, the Court need not address this objection in detail because the supposedly omitted facts have no bearing on the resolution of Petitioner's grounds for relief.

Second, Petitioner objects to the Magistrate Judge's recommendation that the Court grant Respondent's motion for summary judgment on ground one of his habeas petition. In that ground, Petitioner alleges that the State's calling of his case for trial violated the South Carolina

2

Constitution and the South Carolina Supreme Court's decision in *State v. Langford*, 735 S.E.2d 471 (2012). In his motion for summary judgment, Respondent argued that because ground one does not allege a violation of federal law, it is not cognizable in habeas review. The Magistrate Judge agreed, citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The Magistrate Judge further noted that any Sixth or Fourteenth Amendment arguments on this ground are defaulted because they were not raised in state court. The Court agrees. As stated by the Magistrate Judge, Petitioner's initial argument that the calling of his case violated the South Carolina Constitution and *State v. Langford* is entirely a state-law matter and is not cognizable on habeas review. *Estelle*, 502 U.S. at 72 ("[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Moreover, Petitioner's attempt to shoehorn the above state-law argument into an ineffective assistance claim is also not cognizable because it was never presented that way in state court and cannot be presented there now. *Stewart v. Warden of Lieber Correctional Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010). Accordingly, Petitioner's objection is overruled.

Third, Petitioner objects to the Magistrate Judge's recommendation that the Court grant Respondent summary judgment on ground two of his habeas petition. In that ground, Petitioner alleges that the solicitor committed prosecutorial misconduct by misrepresenting his relationship with State's witness Aaron Kinloch, and by not disclosing Kinloch's full criminal history. Specifically, Petitioner alleges that the solicitor committed a *Brady* violation by failing to disclose a letter that Kinloch wrote to the solicitor offering to testify against Petitioner.[1]

---

1. As the Magistrate Judge thoroughly discussed in her R & R, Kinloch wrote a letter to the solicitor on August 4, 2006. He stated that he had spoken to another inmate, Michael Jones, about Jones' conversation with the solicitor regarding Petitioner's case. Kinloch also stated that he knew the whole story about what happened between Petitioner and his stepdaughter. Finally, Kinloch wrote that he was willing to help and testify at trial because he needed the solicitor's help.

The Magistrate Judge based her recommendation on Petitioner's failure to show that the state courts' decisions on this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Specifically, the Magistrate Judge concluded that the state courts correctly applied the standard set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and that the state courts' rulings denying reversal based on Petitioner's *Brady* claim were not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The Court agrees.

While the PCR court concluded that Petitioner had met all of the elements of *Brady* with regard to Kinloch's letter, that court also determined that reversal was still not warranted. As set forth in *Kyles v. Whitley*, reversal for a *Brady* violation is required "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 514 U.S. 419, 433–34 (1995). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *U.S. v. Bagley*, 473 U.S. 667, 682 (1985). When reviewing a habeas petition pursuant to § 2254, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The trial judge, the South Carolina Court of Appeals, and the PCR court all examined the facts surrounding Petitioner's *Brady* claim and concluded that reversal was not warranted because Kinloch's letter was merely additional impeaching evidence, and that there was no evidence that Kinloch and the solicitor actually made a deal in exchange for Kinloch's testimony. Although the Court recognizes

4

that it is conceivable that the impeachment value of Kinloch's letter might have changed the outcome of Petitioner's trial even in the absence of a deal between Kinloch and the solicitor, Petitioner has failed to satisfy his burden of proving that there is a **reasonable probability** that the outcome would have been different. Specifically, Petitioner's objections provide a strong argument as to the *Brady* issue, but fail to show that there is a reasonable probability that the outcome would have been different. Here, the trial judge stated that, based on his determination of the facts, the solicitor's actions "do not rise to the level of bring[ing] the trustworthiness of the verdict into question." (Return Mem. Pet. Writ Habeas Corpus, State Ct. Docs. Attach. Number 2, ECF No. 16-5, at 5.) The PCR court similarly stated that "[t]rial counsel extensively attacked Kinloch's credibility. The jury was aware of Kinloch's prior conviction and pending charges. Because trial counsel effectively called Kinloch's credibility into question with his prior crimes, the impeachment evidence of Kinloch's desire to assist the State did not deprive [Petitioner] of a fair trial." (Return Mem. Pet. Writ Habeas Corpus, State Ct. Docs. Attach. Number 21, ECF No. 16-24, at 14–15 (citing *State v. Cheeseboro*, 552 S.E.2d 300, 314–15 (S.C. 2001).) Petitioner has not made a sufficient showing that those determinations were wrong or that there was a reasonable probability of a different outcome had the letter been introduced at trial as additional impeachment evidence. The PCR court's ruling also completely undermines Petitioner's argument about Kinloch's pending charges and prior convictions that were not disclosed on his NCIC report. The PCR court concluded that the jury was aware of all of those charges and convictions. The Court sees no reason to overturn that finding as it does not unreasonably apply clearly established federal law and it is not an unreasonable determination of the facts. Accordingly, the Court overrules Petitioner's objection.

Fourth, Petitioner objects to the Magistrate Judge's recommendation that the Court grant Respondent's motion for summary judgment on ground three of his habeas petition. Petitioner claims that his trial counsel was ineffective for failing to object to the solicitor's use of a "golden rule argument" in his opening argument.[2] "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Here, the Court concludes that Petitioner has failed to show that the solicitor's comments denied him due process. The trial judge's opening charge extensively laid out that opening and closing statements by attorneys are not evidence. While Petitioner's trial counsel did not object to the solicitor's golden rule argument during opening statements, trial counsel did object to a similar argument during closing statements. At that time, the trial judge agreed with Petitioner's trial counsel and struck that argument from the record. As a result, the Court concludes that the entirety of the trial was not affected by a brief golden rule argument when taken in context with the trial judge's charge and his later ruling during closing arguments. Moreover, Petitioner's claim also fails under the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984), because he has failed to show that there is a reasonable probability that the outcome of the trial would have been different if his trial counsel had objected to the golden rule argument during opening statements. Accordingly, Petitioner's objection is overruled.

Fifth, Petitioner objects to the Magistrate Judge's recommendation that the Court grant summary judgment to Respondent on grounds six and seven. Petitioner's brief states that he

---

2. During his opening statement, the solicitor stated as follows: "Well, ask yourself what you would have done if you were twelve year old Minor Child living with your mother and your step-dad, who you may have some fear of if you are twelve year old Minor Child[.] So try to ask yourself, is it reasonable for her to do what she did, given who she is. It's called empathy." (Return Mem. Pet. Writ Habeas Corpus, State Ct. Docs. Attach. Number 1, ECF No. 16-1, at 50.)

objects to the Magistrate Judge's analysis in the R & R "based on his arguments on PCR." This is not a proper objection. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). Accordingly, Petitioner's objection is overruled.

Sixth, Petitioner objects to the Magistrate Judge's recommendation that the Court grant summary judgment to Respondent on ground five. Specifically, Petitioner objects to the Magistrate Judge's conclusion that Petitioner was not prejudiced by his trial counsel's failure to investigate Michael Jones prior to trial. Michael Jones was detained in the Georgetown County Detention Center at the same time as Petitioner and Aaron Kinloch. Jones testified at Petitioner's PCR hearing, stating that he spoke with the solicitor three times about Petitioner. Jones also said that he told Kinloch about his conversations with the solicitor about Petitioner and that he told Kinloch that the solicitor was looking for someone to testify against Petitioner. According to Jones, that conversation was the impetus for Kinloch to write the above-discussed letter to the solicitor asking for the solicitor's help in exchange for his testimony against Petitioner.

The Magistrate Judge concluded that Petitioner's trial counsel's performance was deficient as a result of his failure to interview Jones before trial. The Magistrate Judge based that determination on trial counsel's request for a continuance and his own admission that he felt Petitioner's trial was a trial by ambush, as well as trial counsel's testimony that more meetings with Petitioner might have led to discovery of other witnesses he could have interviewed like Michael Jones. Petitioner's trial counsel testified that he was not able to review his trial notebook with Petitioner, and that he would have met with Petitioner several more times before trial had he known that the trial was going to take place. Finally, the Magistrate Judge concluded that Jones'

7

testimony would have been helpful in challenging Kinloch's testimony because it provided the context in which Kinloch wrote the letter and Kinloch's motivation for writing it.

Nonetheless, the Magistrate Judge also concluded that Petitioner was not prejudiced even though his trial counsel was deficient because Jones' testimony did not challenge the veracity of Kinloch's statement that Petitioner confessed to him about abusing his stepdaughter. The Magistrate Judge concluded that Petitioner's trial counsel had already extensively attacked Kinloch's credibility, so Jones' testimony would have been cumulative and would not have led to a different trial result. Accordingly, the Magistrate Judge recommends that the Court conclude that Petitioner was not prejudiced by his trial counsel's failure to interview Jones prior to trial.

"While there are times that a failure to investigate impeachment evidence can satisfy the prejudice prong, that is less likely to be the case than a failure to investigate direct evidence." *U.S. v. Mason*, 552 F. App'x 235, 239 (4th Cir. 2014) (per curiam). Such is the case here. Trial counsel's failure to interview Michael Jones before trial and his corresponding failure to obtain Jones' additional impeachment evidence against Kinloch is insufficient to surmount the reasonable probability standard. As already set forth above in the discussion about Kinloch's letter, trial counsel extensively cross-examined Kinloch and used other impeachment evidence against him at trial. As a result, the Court cannot conclude that there is a reasonable probability that the additional impeachment value of Jones' testimony would have changed the trial's outcome. Accordingly, Petitioner's objection is overruled.

Seventh, Petitioner objects to the Magistrate Judge's recommendation that the Court grant Respondent summary judgment on ground eight. Petitioner argues that his trial counsel's failure to object to the jury charge stating that "the testimony of a victim in a [criminal sexual conduct] case need not be corroborated" was ineffective assistance of counsel. (Objs. R & R, ECF No. 31,

at 20.)  At the time of Petitioner's trial, that statement was codified in South Carolina Code Section 16-3-657.  As recognized in *State v. Rayfield*, "[a] trial judge is not required to charge § 16–3–657, but when the judge chooses to do so, giving the charge does not constitute reversible error when this single instruction is not unduly emphasized and the charge as a whole comports with the law." 631 S.E.2d 244, 250 (S.C. 2006).  Although that decision was later overturned in *State v. Stukes*, 787 S.E.2d 480 (S.C. 2016), trial counsel had no reason to object to well-settled law at the time of the trial.  *See Stukes*, 787 S.E.2d at 483 n.5 ("Therefore, our ruling is effective in this case and those which are pending on direct review or are not yet final, **but not in post-conviction relief**.") (emphasis added).  Petitioner makes no objection that the charge was unduly emphasized by the trial judge or that the charge as a whole did not comport with the law.  Accordingly, Petitioner's objection is overruled.

Finally, Petitioner objects to the Magistrate Judge's recommendation that the Court grant Respondent summary judgment on ground four.  In that ground, Petitioner alleges that his appellate counsel was ineffective in failing to raise additional issues on appeal, including the trial court's denial of Petitioner's motion for a continuance.  However, in his objection to the Magistrate Judge's analysis of ground four, Petitioner merely states that he objects to the Magistrate Judge's findings without specifying what his objection to those findings is.  Because Petitioner has failed to provide a specific objection, the Court has reviewed that portion of the R & R for clear error and finds none.  *See Diamond*, 416 F.3d at 315.  Accordingly, Petitioner's objection is overruled.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Petitioner's objections to the R & R are **OVERRULED** and that the R & R is **ADOPTED**. Further, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[3]

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**February 9, 2018**
**Charleston, South Carolina**

---

3. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).